UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HIGH POINT PLACE CONDOMINIUM
ASSOCIATION, INC.,
    Plaintiff;

v.                                                Case No.:

QBE INSURANCE CORPORATION,
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, HIGH POINT PLACE CONDOMINIUM ASSOCIATION, INC., ("Association") sues Defendant, QBE INSURANCE CORPORATION ("Defendant"), and alleges:

**INTRODUCTION**

1. This is a disputed flood insurance claim under the National Flood Insurance Program ("NFIP") and the United States District Court for the district in which the insured property is located is vested with original subject matter jurisdiction over cases arising out of insurance claims arising under the NFIP.

2. Association is the entity under Chapters 718 and 617, Florida Statutes, responsible for the operation of the High Point Condominium buildings located in Lee County, Florida, located at 2080 West First St., 2090 West First St., 2104 West First St., 2110 West First St. Fort Myers, Florida.

3. Association institutes this action in its own name and on behalf of its constituent members.

4. Defendant is a foreign for-profit private insurance company with its principal place

of business in Wisconsin and offering policies of insurance in Florida in the ordinary course of business, including the ones at issue here. Defendant is a private insurer authorized by the Federal Emergency Management Agency to provide standard flood insurance policies in its own name.

5. The standard policies issued here are Residential Condominium Building Association Policy

6. In consideration of a premium paid by Association, Defendant issued three insurance policies with effective dates of December 6, 2021, to December 6, 2022, which insured the subject condominium buildings against flood losses. The insurance policies bear NFIP Policy Numbers 0002083620, 0002082467, and 0002083623 (the "Policies"). True and correct copies of the policies are not currently in the possession of Association, but upon information or belief are in possession of Defendant and available through discovery. Upon receipt of true and correct copies of the Policies by Association, through discovery in this action or otherwise, Association will promptly file same on the record of this action. Copies of the Declarations page for each policy are collectively attached hereto as Exhibit "A".

7. Association has performed all conditions precedent to this action, or those conditions have been waived or excused.

8. Federal Code of Regulations 44 C.F.R. §62.23 permits the Association to initiate this action against Defendant directly.

9. The amount in controversy exceeds $75,000.

## COUNT I – BREACH OF CONTRACT
### (NFIP Policy Numbers 0002082467)

10. Association realleges and reincorporates Paragraphs 1-9 herein.

11. On or about September 28, 2022, Hurricane Ian passed through Collier County,

Florida, causing the subject condominium to flood, as that term is defined under the flood insurance Policies, and causing damage to the condominium buildings.

12.  Association timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property through its assigned adjuster.

13.  Pursuant to 44 C.F.R. §62.23(d) and (i)(6). Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policies.

14.  Pursuant to 44 C.F.R. § 62.23(i)(l), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

15.  Defendant issued claim numbers to the loss and assigned its an adjuster.

16.  Defendant issued partial payment under the Policies.

17.  Defendant failed to pay the damages resulting from flood damage as required under the Policies.

18.  Defendant's failure and refusal to honor the full extent of Association's claim or pay all benefits due and owing to Association constitutes a material breach of the Policies.

19.  As a direct and proximate result of Defendant's breach of the Policies, Association and its constituent members have suffered and continue to suffer damages as recoverable under the Policies.

**WHEREFORE,** Association demands judgment against Defendant for money damages, together with costs of this action.

## COUNT II – BREACH OF CONTRACT
### (NFIP Policy Number0002083620)

20.  Association realleges and reincorporates Paragraphs 1-9 herein.

21. On or about September 28, 2022, Hurricane Ian passed through Collier County, Florida, causing the subject condominium to flood, as that term is defined under the flood insurance Policies, and causing damage to the condominium buildings.

22. Association timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property through its assigned adjuster.

23. Pursuant to 44 C.F.R. §62.23(d) and (i)(6). Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policies.

24. Pursuant to 44 C.F.R. § 62.23(i)(l), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

25. Defendant issued claim numbers to the loss and assigned its an adjuster.

26. Defendant issued partial payment under the Policies.

27. Defendant failed to pay the damages resulting from flood damage as required under the Policies.

28. Defendant's failure and refusal to honor the full extent of Association's claim or pay all benefits due and owing to Association constitutes a material breach of the Policies.

29. As a direct and proximate result of Defendant's breach of the Policies, Association and its constituent members have suffered and continue to suffer damages as recoverable under the Policies.

**WHEREFORE,** Association demands judgment against Defendant for money damages, together with costs of this action.

## COUNT III – BREACH OF CONTRACT
### (NFIP Policy Number 0002083623)

30. Association realleges and reincorporates Paragraphs 1-9 herein.

31. On or about September 28, 2022, Hurricane Ian passed through Collier County, Florida, causing the subject condominium to flood, as that term is defined under the flood insurance Policies, and causing damage to the condominium buildings.

32. Association timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property through its assigned adjuster.

33. Pursuant to 44 C.F.R. §62.23(d) and (i)(6). Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policies.

34. Pursuant to 44 C.F.R. § 62.23(i)(l), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

35. Defendant issued claim numbers to the loss and assigned its an adjuster.

36. Defendant issued partial payment under the Policies.

37. Defendant failed to pay the damages resulting from flood damage as required under the Policies.

38. Defendant's failure and refusal to honor the full extent of Association's claim or pay all benefits due and owing to Association constitutes a material breach of the Policies.

39. As a direct and proximate result of Defendant's breach of the Policies, Association and its constituent members have suffered and continue to suffer damages as recoverable under the Policies.

**WHEREFORE,** Association demands judgment against Defendant for money damages,

together with costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Association hereby demands trial by jury on all issues so triable.

Dated this 30th day of November 2023

                BECKER & POLIAKOFF, P.A.
                Attorneys for Plaintiff
                Six Mile Corporate Park
                12140 Carissa Commerce Court, Suite 200
                Fort Myers, FL 33966
                Telephone: 239-433-7707
                Facsimile: 239-433-5933
                Primary E-mail:
                skurian@beckerlawyers.com
                Secondary E-mail:
                FTM-CNST-ServiceMail@beckerlawyers.com

By: _____
     Sanjay Kurian, Esq.
     FBN: 0190659

LAW OFFICES
BECKER & POLIAKOFF
SIX MILE CORPORATE PARK • 12140 CARISSA COMMERCE COURT • SUITE 200 • FORT MYERS, FL 33966
TELEPHONE (239) 433-7707
6

24339462v.1 H25584/418295