## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

HIGH POINT PLACE CONDOMINIUM
ASSOCIATION, INC.,
     Plaintiff;

v.                                Case No.: 2:23-CV-01114-JLB-KCD

QBE INSURANCE CORPORATION,
     Defendant.

_____ /

## MOTION FOR FINAL DEFAULT JUDGMENT,
## MOTION FOR HEARING TO SET DAMAGES
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, High Point Place Condominium Association, Inc., ("Association") files this Motion for Final Default Judgment, Motion for Hearing to Set Damages and Incorporated Memorandum of Law. Despite being properly served with service of process, Defendant QBE Insurance Company has failed to plead or otherwise defend this action, entitling Plaintiff to obtain a Default Judgment pursuant to Rule 55(b)(2), FED. R. CIV. PRO., and respectfully requests a Hearing to Set Damages in this action. In support of these requests, Plaintiff submits the following Memorandum of Law.

## MEMORANDUM OF LAW
### INTRODUCTION

The instant action arises from a flood insurance claim under the National Flood Insurance Program ("NFIP"). Plaintiff in this action is the entity under Chapters 718 and 617, Florida Statutes, responsible for the operation of the High Point Condominium buildings located in Lee County, Florida, located at 2080 West First St., 2090 West First St., 2104 West First St., 2110

West First St. Fort Myers, Florida (the "Condominium Buildings")[1]. QBE Insurance Corporation ("QBE"), the sole Defendant in this action, is a foreign for-profit private insurance company with its principal place of business in Wisconsin and offering policies of insurance in Florida in the ordinary course of business, including the ones at issue here. Defendant QBE is a private insurer authorized by the Federal Emergency Management Agency to provide standard flood insurance policies in its own name[2]. Defendant QBE in consideration of a premium paid by Plaintiff issued three insurance policies to Plaintiff, with effective dates of December 6, 2021, to December 6, 2022, which insured the subject Condominium Buildings against flood losses. The insurance policies bear NFIP Policy Numbers 0002083620, 0002082467, and 0002083623 (the "Policies")[3].

On September 28, 2022, Hurricane Ian made landfall bringing devasting flooding to Southwest Florida. The High Point Place Condominium, operated by Plaintiff, was not spared from this devastation, with the Condominium Buildings suffering extensive damage from flooding, a covered loss under the Policies issued by Defendant[4]. Plaintiff timely reported the loss to Defendant, provided Defendant with all the details surrounding the loss, and allowed Defendant to study, inspect, and survey the property through its assigned adjuster[5]. Defendant issued claim numbers to the loss and assigned its an adjuster[6]. Defendant only issued partial payment under the Policies[7], however Defendant failed to pay the damages resulting from flood damage as required under the Policies[8]. Defendant's failure and refusal to honor the full extent of Association's claim

---

Citations to documents filed on the record in this action is made by reference to the Docket Number assigned by the Clerk as "D.E. _"

[1] *See Complaint, D.E. 1, ¶ 2*
[2] *See Complaint, D.E. 1, ¶ 4*
[3] *See Complaint, D.E. 1, ¶ 6*
[4] *See Complaint, D.E. 1, ¶¶ 11, 21, & 31*
[5] *See Complaint, D.E. 1, ¶¶ 12, 22, & 32*
[6] *See Complaint, D.E. 1, ¶¶ 15, 25, & 35*
[7] *See Complaint, D.E. 1, ¶¶ 16, 26, & 36*
[8] *See Complaint, D.E. 1, ¶¶ 17, 27, & 37*

or pay all benefits due and owing to Association constituted a material breach of the Policies[9].

Given this material breach of the Policies by Defendant QBE, Plaintiff was forced to file this action against QBE on November 30, 2023. The Complaint filed by Plaintiff alleges three breach of contract counts against QBE, one for each of the Policies subject of this action. *See Complaint at D.E. 1* Plaintiff performed all conditions precedent to the filing of this action, or those conditions have been waived or excused[10]. Defendant QBE has failed to plead or otherwise defend this action having neither filed any documents with the Clerk, nor served any documents upon Plaintiff. Given Defendant QBE's failure to plead or otherwise mount a defense in this action, on January 3, 2024, the Clerk of the United States District Court for the Middle District of Florida, upon application by Plaintiff, entered a Default against QBE. *See Entry of Default at D.E. 10*

## JURISDICTION

The Code of Federal Regulations, in 44 C.F.R. §62.23, permits the Association to initiate this action against Defendant directly. Pursuant to 42 U.S.C. § 4072, the United States District Court for the district in which the insured property is located is exclusively vested with original subject matter jurisdiction over cases arising out of insurance claims arising under the NFIP. This exclusive jurisdiction extends to private insurers participating in the NFIP by writing policies. *See Ekhlassi v. Nat'l Lloyds Ins. Co.,* 926 F.3d 130, 137 (5th Cir. 2019)*; Ferraro v. Liberty Mut. Fire Ins. Co.,* 796 F.3d 529 (5th Cir. 2015)*; Constr. Funding, L.L.C. v. Fid. Nat. Indem. Ins. Co.,* 636 Fed. Appx. 207, 210 (5th Cir. 2016)*; Gibson v. Am. Bankers Ins. Co.,* 289 F.3d 943, 946 (6th Cir. 2002)

The insured property subject of this action is located at 2080 West First St., 2090 West

---

[9] *See Complaint, D.E. 1, ¶¶ 18, 28, & 38*
[10] *See Complaint, D.E. 1, ¶ 7*

First St., 2104 West First St., 2110 West First St., Fort Myers, Florida, which is within the jurisdiction of the Middle District of Florida, Fort Myers Division, the District and division in which this action is pending.

Shortly after the institution of this action, Plaintiff obtained full and proper service of process on Defendant, by serving their Registered Agent the Chief Financial Officer of the State of Florida[11] in accordance with Florida Law, on December 5, 2023, subjecting them to the jurisdiction of this Court. *See Notice of Service of Process at D.E. 9-1.*

## LEGAL STANDARD

A District Court may enter a default judgment pursuant to Rule 55(b)(2), FED. R. CIV. PRO., against a Defendant whom, after proper service, fails to plead, or otherwise defend, an action. When entering a default, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought". *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007).

## ARGUMENT

Service of Process was obtained upon Defendant QBE on December 5, 2023, which, pursuant to Rule 12(a)(1)(A)(i), FED. R. CIV. PRO., required Defendant QBE to respond to the Complaint by December 26, 2023. Defendant QBE, however, has failed to file any response or present any defenses in this action as of the date of this Motion. Defendant QBE is a corporate entity and is not an infant, incompetent or in the military. Given Defendant QBE's failure to present

---

[11] Defendant QBE is a licensed insurer doing business in the State of Florida and as such has designated the Chief Financial Officer of the State of Florida as the individual authorized to receive service of all legal process. *See* §624.422, FLA. STAT.

a response or defense(s) to this action, a Clerk's Default was entered on January 3, 2024. *See Entry of Default at D.E. 10*

In the action at hand, Plaintiff has well-pled in its Complaint that Defendant breached the policy of insurance by not paying for flood damages caused by Hurricane Ian. In evaluating the sufficiency of the complaint, the court applies the same standard it would for a motion to dismiss, taking Plaintiff's allegations, which are taken as true, as sufficient to state a substantive cause of action, here breaches of each policy of insurance, and a sufficient basis for the particular relief sought, exists.

As to the requirements promulgated in Rule 1.10, M.D. FLA. LOC. R., the only unresolved issue remaining in the action following the entry of a Default Judgment against Defendant QBE will be the amount of damages to which Plaintiff is entitled to recover from Defendant QBE. As the particular relief sought in this action are unliquidated monetary damages, the amount of damages to which Plaintiff is entitled must be established by the Court. *See Rule 55(b)(2), FED. R. CIV. PRO.* There will be no unresolved issues regarding the liability of another defendant, as Defendant QBE is the sole defendant to this action, and none of Plaintiff's allegations implicate liability for any other party, named or unnamed in the action.

WHEREFORE, the Association, pursuant to, requests this Court enter a Final Default Judgment against QBE INSURANCE CORPORATION and set a hearing for purposes of establishing the amount of damages to which Plaintiff is entitled, and such other and further relief as this Court determines just and equitable.

Dated this 22nd day of January 2024

        BECKER & POLIAKOFF, P.A.
        Attorneys for Plaintiff
        Six Mile Corporate Park

12140 Carissa Commerce Court, Suite 200
Fort Myers, FL 33966
Telephone: 239-433-7707
Facsimile: 239-433-5933
Primary E-mail:
skurian@beckerlawyers.com
Secondary E-mail:
FTM-CNST-ServiceMail@beckerlawyers.com

By: _____
      Sanjay Kurian, Esq.*
      FBN: 0190659
      *Lead Counsel

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been filed through the CM/ECF filing portal,

which will automatically serve a copy of the foregoing on all counsel appearing in this action.

Dated this 22nd day of January 2024

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
Six Mile Corporate Park
12140 Carissa Commerce Court, Suite 200
Fort Myers, FL 33966
Telephone: 239-433-7707
Facsimile: 239-433-5933
Primary E-mail:
skurian@beckerlawyers.com
Secondary E-mail:
FTM-CNST-ServiceMail@beckerlawyers.com

By: _____
      Sanjay Kurian, Esq.*
      FBN: 0190659
      *Lead Counsel

LAW OFFICES
BECKER & POLIAKOFF
SIX MILE CORPORATE PARK • 12140 CARISSA COMMERCE COURT • SUITE 200 • FORT MYERS, FL 33966
TELEPHONE (239) 433-7707
6

24477579v.1 H25584/418295